**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**


Duane Leroy Fox

     v.                              Civil No. 11-cv-295-SM

Superintendent, Strafford County
Department of Corrections[1]


**O R D E R**


Duane Leroy Fox has filed a complaint (doc. no. 1) seeking

damages against the superintendent of the Strafford County

Department of Corrections ("SCDC") for alleged violations of

Fox's constitutional rights during his incarceration at that

facility.  The matter is before the court for preliminary review

to determine whether the complaint states any claim upon which

relief might be granted.  See 28 U.S.C. § 1915A(a); United

States District Court for the District of New Hampshire Local

Rule ("LR") 4.3(d)(2).

Fox has also filed several motions for the court's

consideration.  Fox has filed two motions seeking court-

appointed counsel (doc. nos. 8 and 14), a motion for a temporary

restraining order (doc. no. 13), a motion to amend his complaint

---

[1]Plaintiff names the "unknown superintendent of the
Strafford County Department of Corrections" as the sole
defendant to this action.  The superintendent of that facility,
now and at the time this action was filed, is Warren Dowaliby.

(doc. no. 15), and a motion requesting the production of documents (doc. no. 16).  The motions for court-appointed counsel, to amend the complaint, and for discovery are addressed herein.  The motion for a temporary restraining order will be addressed in a separately issued report and recommendation.

## Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge conducts a preliminary review.  The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)).  In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely

3

conceivable, case for relief." <u>Sepúlveda-Villarini v. Dep't of Educ.</u>, 628 F.3d 25, 29 (1st Cir. 2010); <u>see</u> <u>Twombly</u>, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." <u>Ocasio-Hernández</u>, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." <u>Id.</u>

## Background

On June 28, 2010, Duane Leroy Fox, a federal prisoner, was housed at the SCDC awaiting an out-of-state transfer.  SCDC staff placed Fox in E-Pod, a protective custody unit.  Because E-Pod had no empty cells, Fox was placed in the dayroom.  There was no restroom in the dayroom, and Fox therefore had to use the restroom in another inmate's cell.

4

An inmate who lived in cell 107 on E-Pod offered to leave his cell door open so that Fox would have access to the restroom in that inmate's cell. Fox and the other inmate became friendly. During conversations between the two, the other inmate confided in Fox that he was in jail for having sex with an underage male whom he had believed to be of age. The other inmate also told Fox that he was a martial artist and that he had a black belt.

One day, the other inmate gave Fox a note stating: "go to my cell, pull your pants down, or else!" Fox was afraid of the other inmate due to the inmate's martial arts training, and therefore complied with the directive in the note. Fox went into the other inmate's cell where he was forced to perform oral sex on the other inmate. This occurred for six days in a row. On one occasion, the other inmate tried to perform oral sex on Fox, but Fox was unable to become aroused.

While these forced sexual acts were occurring, Fox stopped eating. Fox was sent to mental health because he was not eating. Fox informed a mental health worker of the other inmate's sexual assaults on him. Fox was then removed from E-Pod and placed into an isolation cell on suicide watch. Fox was interviewed by members of the Strafford County Sheriff's Department and the prosecutor's office about what had occurred. Fox was removed from the SCDC the following day.

Fox states that he is a homosexual, and has a history of mental health issues and self-destructive tendencies.  Fox states that the staff and mental health professionals at the SCDC were aware of his mental health issues and his homosexuality.  Fox states that SCDC officials should therefore have placed him in an isolation cell immediately upon his entry to the SCDC.

## Discussion

I.  The Claim

A government official may be held personally liable under 42 U.S.C. § 1983 if, acting under color of state law, the official caused the deprivation of a federal constitutional or statutory right.  Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id.; see also Sanchez v. Pereira-Castillo, 590 F.3d 31, 40-41 (1st Cir. 2009) ("Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action.").

In his complaint, Fox asserts one claim, that his Eighth
Amendment right not to be subjected to cruel and unusual
punishment during his incarceration was violated when the
superintendent of the SCDC, with deliberate indifference to a
substantial risk to Fox's health and safety, failed to
adequately protect him from harm, and as a result, Fox was
repeatedly forcibly raped by another inmate.[2]  Because the SCDC
superintendent is a person acting under color of state law when
he is alleged to have violated Fox's constitutional rights,
Fox's claim arises under § 1983.

II.  Failure to Protect

"[P]rison officials have a duty to protect prisoners from
violence at the hands of other prisoners."  Farmer v. Brennan,
511 U.S. 825, 833 (1994) (alteration omitted).  Prison officials
are obliged by the Eighth Amendment to "take reasonable measures
to guarantee inmates' safety from attacks by other inmates."
Calderón-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 64 (1st Cir.
2002).  "Having incarcerated persons with demonstrated
proclivities for antisocial criminal, and often violent,
conduct, having stripped them of virtually every means of self-

---

[2]The claim, as identified herein, will be considered to be
the claim stated in the complaint for all purposes.  If Fox
disagrees with the claim as identified, he must properly file a
motion to reconsider this Order, or a motion to amend his
complaint.

protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Farmer, 511 U.S. at 833 (internal quotations, citations, and alterations omitted).

"[A] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Mosher v. Nelson, 589 F.3d 488, 493 (1st Cir. 2009) (quoting Farmer, 511 U.S. at 828) (internal quotation marks omitted).[3] In order to state an Eighth Amendment claim against a prison official for failing to protect him, Fox must assert facts sufficient to demonstrate, first, that he has been "incarcerated under conditions imposing a substantial risk of serious harm." Burrell v. Hampshire Cnty., 307 F.3d 1, 8 (1st Cir. 2002) (citing Farmer, 511 U.S. at 834). Second, Fox must assert facts to demonstrate that the responsible prison official or officials acted with deliberate indifference. See Mosher, 589 F.3d at 494. "Deliberate indifference" on the part of a prison official may be shown only where: "(1) the defendant knew

---

[3]The complaint does not specify whether, at the time the incidents here are alleged to have occurred, Fox was a sentenced inmate or a pretrial detainee. "'Pretrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases.'" See Mosher, 589 F.3d at 493 n.3 (quoting Burrell v. Hampshire Cnty., 307 F.3d 1, 7 (1st Cir. 2002)); Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005). Because the court's order is not impacted by Fox's incarcerative status, the question need not be resolved at this time.

of (2) a substantial risk (3) of serious harm and (4) disregarded that risk." Calderón-Ortiz, 300 F.3d at 64 (citing Farmer, 511 U.S. at 837-40).  An allegation of deliberate indifference may be defeated where officials responded reasonably to a known risk of harm.  See Farmer, 511 U.S. at 844; Mosher, 589 F.3d at 494 (citing Burrell, 307 F.3d at 8).

The deliberate indifference standard "requires 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result' but 'something more than mere negligence.'"  Mosher, 589 F.3d at 494 (quoting Farmer, 511 U.S. at 835).  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence."  Farmer, 511 U.S. at 842.  The requisite knowledge for a deliberate indifference claim may be inferred from the fact that the risk was obvious.  See id. Where officials "did not know of the underlying facts indicating a sufficiently substantial danger and [] they were therefore unaware of a danger," or if officials "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," a claim for deliberate indifference will not stand.  See id. at 844.

A.    Substantial Risk of Serious Harm

Here, Fox alleges that he was housed under circumstances that created a substantial risk of serious harm.  Specifically, he alleges that the following factors contributed to the risk that he would suffer serious harm:

- Fox was housed in a protective custody unit.

- Fox was housed in an area without a toilet, forcing him to use toilets in other inmates' cells, and in particular, the toilet of an inmate with a history of sexual assault.

- Fox was housed in a manner that permitted an inmate with a history of sexual assault, from whom Fox could not physically defend himself, to have access to and contact with Fox such that Fox could be in the other inmate's cell, outside the view of SCDC officers.

- Fox is a homosexual.

- Fox has a history of mental health problems.

- Fox has a history of self-destructive tendencies.

Fox alleges that, in combination, the risk factors under which Fox was held on E-Pod ultimately allowed for Fox to be forcibly raped every day for six days.  Accordingly, Fox has alleged sufficient facts to show that he was housed under conditions imposing a substantial risk of serious harm.

10

B.   Deliberate Indifference

Fox asserts that officials at the SCDC were deliberately indifferent to the substantial risk to his safety created by the housing conditions on E-Pod that allowed another inmate to rape him.  Fox also asserts that SCDC officials evinced deliberate indifference to his safety because Fox's personal characteristics, of which the officials were aware, created a risk of serious harm to Fox if he were housed anywhere except in isolation on suicide watch.  These allegations will be considered in turn.

1.   Risk of Specific Harm on E-Pod

Fox alleges that he was housed in a manner that allowed a sexual predator to have access to him.  The complaint does not assert that Fox reported any fear of or threats by the other inmate prior to the assaults, or that the other inmate had ever assaulted anyone else while incarcerated.  Even presuming, although the record does not so state, that the SCDC officers were aware of the sexual offense with which the other inmate had been charged, the complaint does not assert facts that demonstrate that the officers were aware of specific facts that would alert them to a significant risk to Fox's safety.  The allegations in the complaint are insufficient to demonstrate

11

that any officer was aware of and disregarded a risk to Fox's safety.  Fox has not, therefore, stated an Eighth Amendment claim upon which relief might be granted.

### 2.   General Risk to Fox's Safety

Fox alleges that his known homosexuality, mental health issues, and self-destructive tendencies put him at risk of harm from other inmates when he was not immediately placed in isolation and on suicide watch upon his admission to the SCDC.[4] Fox states that SCDC officials were aware of those characteristics.  No facts in the complaint, however, demonstrate that any SCDC official actually drew the inference that Fox's homosexuality or mental health issues put him at any risk of harm from other inmates.  Fox has not alleged that any inmate was aware of Fox's homosexuality, his mental health issues, or of any other fact that would indicate that Fox might be particularly vulnerable.  Fox has not alleged facts that demonstrate that any SCDC official knew or could have known that Fox's personal characteristics created any risk of harm to Fox.

The facts alleged demonstrate neither that any SCDC official had a subjective awareness of the risk, nor that any

---

[4]Fox has not asserted that he was suicidal upon his admission to the SCDC or that he had any mental health need that was not addressed by the SCDC.  Accordingly, the court has not construed the complaint to contain a claim for failure to place Fox on suicide watch prior to the alleged sexual assaults.

SCDC official disregarded a known risk.  Accordingly, the facts alleged do not at this time support a claim that any SCDC officer acted with deliberate indifference in failing to protect Fox from harm.

      C.    Leave to Amend

          1.    Deliberate Indifference

Fox has failed to state sufficient facts to allow this court to reasonably infer that any SCDC official was subjectively aware of the significant risk of serious harm to Fox, either arising out of Fox's housing situation or Fox's personal characteristics.  Because, however, the facts in the complaint do not preclude the possibility that Fox could allege such facts, he will be granted leave to amend his complaint to demonstrate that the responsible SCDC officials acted with deliberate indifference in failing to protect him from harm.

          2.    Defendants

Fox has named only the Superintendent of the SCDC as a defendant to this action.  The complaint does not include any allegations demonstrating that the SCDC Superintendent took any act or is in any way responsible for the alleged failure to protect Fox.  Supervisors may not be sued in a section 1983 action for the conduct of their employees; to hold a supervisor liable under section 1983, the complaint must assert facts to

demonstrate that the "supervisor's conduct led inexorably to the constitutional violation" alleged.  See Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009).

At this time, Fox has failed to state any facts which indicate that the SCDC Superintendent engaged in any conduct that led in any manner to the failure to protect Fox, and does not name any other defendant who failed to protect Fox from harm.  Fox will be granted leave to amend his complaint to name specific individuals as defendants to the claims asserted here. Fox will have to state, with specificity, what each defendant did or failed to do to violate his rights.  If Fox intends to assert that the SCDC Superintendent engaged in conduct that caused him harm, he must assert specific facts to support that assertion.

**Motions**

I.   Motions for Court-Appointed Counsel (doc. nos. 8 and 14)

There is no constitutional right to the appointment of counsel in a civil case in this court.  See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003).  While the court has the discretion to appoint counsel in a particular case, it should do so "only if 'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiff's] due process

14

rights.'"  King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998)

(quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991));

To determine if "exceptional circumstances" warrant the

appointment of counsel, "a court must examine the total

situation, focusing, inter alia, on the merits of the case, the

complexity of the legal issues, and the litigant's ability to

represent himself."  DesRosiers, 949 F.2d at 24.

Fox seeks court-appointed counsel on the basis that he is

unable to afford to retain counsel, and because his

incarceration will significantly limit his ability to litigate

this matter.  Fox has not described the sort of exceptional

circumstances warranting the appointment of counsel; he has

described circumstances that exist in virtually every prisoner

civil rights action.  Accordingly, the motions for court-

appointed counsel are denied without prejudice to renewal should

circumstances so warrant.

II.  Motion to Amend Complaint (doc. no. 15)

Plaintiff's motion to amend his complaint consists of two

pages of apparent interrogatories, followed by an "amended

statement of claim" which repeats the assertions in his original

complaint (doc. no. 1), except that it identifies the cell where

Fox alleges he was assaulted as Cell 107 instead of Cell 102, as

stated in the initial complaint.  The motion to amend is granted

15

to the extent it seeks to amend the cell number referenced in the initial complaint.  To the extent that Fox seeks discovery, the motion is denied; this action has not been served on any defendant at this time, and, if and when service of the complaint is ordered in the future, no motion would be necessary for Fox to serve discovery requests directly upon the defendant. See Fed. R. Civ. P. 5(d)(1) (discovery requests shall not be filed unless they are used in proceeding or court orders filing); Fed. R. Civ. P. 26(a)(1)(B)(iv) & 26(d)(1) (actions brought pro se by inmates in state custody are exempt from Rule 26(f) "meet and confer" requirement).

III. Motion for Production of Documents (doc. no. 16)

For the same reason, the court denies Fox's motion seeking documents in discovery (doc. no. 16).  This action has not been served on any defendant at this time, and no motion would be necessary for Fox to serve discovery requests directly upon the defendant if he were served.  See Fed. R. Civ. P. 5(d)(1), 26(a)(1)(B)(iv), and 26(d)(1) .

## Conclusion

As stated herein, the motions for court-appointed counsel (doc. nos. 8 and 14) are DENIED; the motion to amend complaint (doc. no. 15) is GRANTED in part and DENIED in part; and the motion for production of documents (doc. no. 16) is DENIED.

Fox is directed, within thirty days of the date of this order, to amend his complaint as follows:

1.   Fox must identify the SCDC officials that he alleges are responsible for failing to protect his safety.

2.   Fox must state, with specificity, what each defendant did or failed to do that caused Fox's rights to be violated.

3.   In his amended complaint, Fox must assert facts that demonstrate that each defendant acted with deliberate indifference, in that the defendant was actually aware of specific facts from which he or she could infer the existence of a significant risk to Fox's safety, and how each defendant failed to respond reasonably to that risk to protect Fox from harm.

Failure to amend the complaint as directed will result in this court's recommendation that the complaint be dismissed.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date: January 17, 2012

cc:  Duane Leroy Fox, pro se

LBM:jba

17