UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Duane Leroy Fox

    v.                                              Civil No. 11-cv-295-SM

Superintendent, Strafford County
Department of Corrections, et al.


## REPORT AND RECOMMENDATION

Pro se plaintiff Duane Leroy Fox ("Fox") commenced this civil rights action to redress injuries he allegedly sustained while being held as a pretrial detainee at the Strafford County House of Corrections ("SCHC").  He filed a complaint (doc. no. 1) and a motion to amend the complaint (doc. no. 15), which were preliminarily reviewed to determine whether Fox stated any claim upon which relief may be granted.  See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).  Following that review, the court granted Fox's motion to amend, in part, and ordered him to submit an amended complaint.  See Order (Jan. 17, 2012) (doc. no. 19) ("January Order").  In lieu of filing an amended complaint as directed, Fox filed a second motion to amend (doc. no. 22), which is currently before the court for further preliminary review.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(2)(A).

The court now considers the original complaint and the two amendments (doc. nos. 1, 15 & 22) jointly as the complaint in this action.  See Fed. R. Civ. P. 8(e) (allowing pleadings to be construed so as to do justice).  As explained below, the court finds Fox has alleged the minimum facts necessary to state a plausible claim for relief and, therefore, directs service of the complaint in an order issued simultaneously herewith.

### Discussion

I.   Standard of Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge reviews the initial filings of all prisoners to determine whether to direct that the complaint be served, whether to grant plaintiff leave to amend the complaint, or whether to recommend dismissal if: the court lacks subject matter jurisdiction; a defendant is immune from the relief sought; or the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  In conducting that preliminary review, the court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals, and applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  See Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(per curiam); Castro v. United States, 540 U.S. 375, 381 (2003). To determine if the complaint states a cognizable claim, the court accepts as true the factual allegations and all reasonable inferences drawn therefrom, even if "seemingly incredible," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), and then determines whether those allegations "state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," without considering the likelihood of success on the merits. Iqbal, 556 U.S. at 679; see also Ocasio-Hernández, 640 F.3d at 12-13 (explaining limits of court's discretionary review).

## II. Background

Fox alleges that he was sexually assaulted while detained at the SCHC because his personal characteristics made him vulnerable to attack. SCHC housed him in a day room that did not have a restroom. There were, however, bathrooms located in the cells adjacent to the day room. As a result, when Fox

needed to use a restroom, he had to use one located in an adjacent cell.  One inmate befriended Fox and allowed Fox to use the bathroom in his cell.  That same inmate then sexually assaulted Fox, in his cell, several times over the course of six days, before prison officials became aware of the situation and transferred Fox.

Fox asserts that members of the SCHC staff, including both "correctional officers" and "medical," knew that he was uniquely vulnerable to attack, because they knew that Fox is homosexual and suffers from post-traumatic stress disorder ("PTSD") as a result of past sexual abuse.  Despite knowing his vulnerabilities, the SCHC placed Fox in a day room where other inmates resided in adjacent cells.  One of these inmates was a sexual predator, who assaulted Fox.  Fox claims that SCHC correctional officers also knew that the inmate who assaulted him had been charged with sexual assault on a minor male.  Fox alleges that the officers were therefore aware that this inmate could victimize Fox.

Despite this knowledge, the SCHC housed Fox in a day room adjacent to that inmate's cell and allegedly exercised no supervision over the day room.  Thus, that inmate was allowed to have unsupervised access to Fox.  Fox contends that the pod

officer[1] "never made rounds," which gave the inmate the opportunity to rape Fox. The pod officer also allegedly paid no attention to whether or when Fox had access to restroom facilities. Fox contends that the pod officer knew he was refusing his food for six days, but did nothing. The combination of these factors, Fox submits, demonstrates that the SCHC staff put Fox in an environment where they knew there was a significant risk that he would be assaulted, and yet were deliberately indifferent to that risk.

III. Analysis

    A. Failure to Protect Claim

As previously identified in the January Order, Fox asserts a single claim for a violation of his right to be protected from harm. As a pretrial detainee, Fox's failure to protect claim arises under the Fourteenth Amendment. See Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007) (citing Burrell v. Hampshire Cnty., 307 F.3d 1, 7 (1st Cir. 2002)). The protection afforded pretrial detainees under the Fourteenth Amendment is at least as

---

[1] Fox refers throughout to "the pod officer" to describe the responsible corrections officer. It is unclear from the allegations whether this is one pod officer or different officers serving as "pod officers." The court construes the allegations to include multiple pod officers because of the six day time period involved.

great as that afforded convicted inmates under the Eighth Amendment, and the same standard that governs Eighth Amendment claims applies to allegations of cruel and unusual punishment arising under the Fourteenth Amendment.  See Burrell, 307 F.3d at 7 (citing Bell v. Wolfish, 441 U.S. 520, 545 (1979)); see also Mosher v. Nelson, 589 F.3d 488, 493 n. 3 (1st Cir. 2009) (applying deliberate indifference standard to pretrial detainee's claim of failure to protect).

A claim for unconstitutional conditions of confinement based upon a failure to protect has both an objective and a subjective component.  See Mosher, 589 F.3d at 493; Calderón-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002).  The complaint must first show that the alleged, inadequate conditions are "objectively, sufficiently serious," which means the conditions of confinement posed a "substantial risk of serious harm."  See id. (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)).  As found in the January Order, the allegations that Fox was sexually assaulted on several occasions while housed at the SCHC show that the conditions of his confinement posed a substantial risk of serious harm.  See Calderón-Ortiz, 300 F.3d at 64 (finding sodomy allegation objectively, sufficiently serious harm).

With respect to the second component, the complaint must allege facts demonstrating that defendants had a "sufficiently culpable state of mind," which is one of "'deliberate indifference' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. 834). Deliberate indifference requires a showing that the prison official was subjectively aware of a substantial risk of serious harm to an inmate. Farmer, 511 U.S. at 828-29. Deliberate indifference may be found when:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the test of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Fox asserts his failure to protect claim against the Superintendent of the SCHC, the nurse who interviewed him upon his arrival at the SCHC, and against the officers who worked on E pod, where he was housed. Whether the complaint alleges sufficient facts to show each defendant's subjective awareness of the risk presented by Fox's placement is discussed below.

7

### B. Defendants' Deliberate Indifference

#### 1. SCHC Superintendent

The only defendant named in the caption of Fox's complaint is the Superintendent of the SCHC. The complaint, however, does not allege a single fact that can plausibly be understood as demonstrating that either a policy or custom of the jail, or some failure to train at the jail, caused the conditions that led to Fox's assault. Thus, Fox fails to state a claim for supervisory liability under § 1983. See Soto-Torres v. Fraticelli, 654 F.3d 153, 159-60 (1st Cir. 2011) (dismissing supervisory liability claim because no affirmative link between supervisor's conduct and alleged constitutional violation). The Superintendent of the SCHC, therefore, should be dismissed from this action. See id.

#### 2. Intake Nurse

The only individual identified within SCHC "medical" is the nurse who interviewed Fox and who allegedly recommended his placement in a day room. Fox submits that he explained to the nurse his history of sexual abuse and resulting PTSD.

Accepting as true that the nurse appreciated Fox's unique vulnerabilities, the complaint fails to allege facts which could

8

be reasonably construed as showing that she was aware of, but disregarded, the risks associated with Fox's housing situation. The complaint does not suggest that the nurse knew anything about the other inmates on E pod, including their criminal backgrounds. Nothing in the complaint indicates that the nurse was aware of the lack of supervision of the day room on E pod, or was otherwise involved with overseeing the inmates housed there. Accordingly, the complaint fails to allege that the nurse was deliberately indifferent to Fox's right to be protected from harm when she recommended his placement in the day room. See Farmer, 511 U.S. at 847 (holding subjective awareness required for constitutional violation).

### 3. Pod Officers

Fox alleges that because officials at the SCHC knew both that his mental health history and homosexuality made him vulnerable to attack, and that an inmate in E pod had been convicted of sexual assault on an underage male, they were aware of, but disregarded, a substantial risk of serious harm to Fox when they placed him in the day room adjacent to that inmate. Fox specifically alleges that "the pod officer never made rounds," and that the pod officer "was not concerned if or who let me use their cell," which "forced [Fox] to have to use [the

9

attacker's] cell for the restroom" because "there was no open cell."

Accepted as true, as required at this preliminary stage of review, the court finds Fox has alleged the minimum facts necessary to state a claim of endangerment.  The complaint's allegations describe an unsupervised housing situation, where prisoners of disparate propensities for aggression and violence had unfettered access to one another.  By alleging that he was housed in an unsupervised and unpatrolled pod, and that he was a fragile inmate who was forced to rely on a sexual predator to have access to a restroom, Fox sufficiently alleges that the officers on E pod knew facts that gave rise to the inference that Fox faced a substantial risk of being seriously harmed.  See id. at 842 (allowing knowledge to be proven by circumstantial evidence); see also Calderón-Ortiz, 300 F.3d at 65-66 (upholding deliberate indifference claim based on unsupervised housing of unclassified inmates that led to sexual assault).  Fox, therefore, has alleged the minimal facts necessary to state a plausible claim against the officers on E pod for deliberate indifferent to his right to be protected from harm.  See id.; Giroux v. Somerset Cnty., 178 F.3d 28, 33-34 (1st Cir. 1999) (vacating summary judgment in favor of

defendants who placed plaintiff in cell with inmate who posed a known danger to plaintiff); cf. Burrell v. Hampshire Cnty., 307 F.3d 1, 9 (1st Cir. 2002) (no deliberate indifference where defendants knew plaintiff could and would defend himself and no history of aggression between plaintiff and attacker); Mosher, 589 F.3d at 495 (dismissing based on qualified immunity where plaintiff not vulnerable and no history of violence).

Because Fox does not know the names of the individuals he seeks to sue, however, the court construes the claims as being asserted against "John Doe" defendants and will allow Fox to further amend his complaint to add the names of those individuals when he learns their identities.  See Peñalbert-Rosa v. Fortuña-Burset, 631 F.3d 592, 596-97 (1st Cir. 2011) (allowing complaint to proceed with "John Doe" defendants where identities unknown but may be discoverable); see also 5A Charles Alan Wright & Arthur Miller, Fed. Practice & Procedure § 1321, 382 & n.6 (3d ed. 2004).

In an order issued simultaneously herewith, the court directs Fox to ascertain the identities of the officers who allegedly failed to supervise E pod while he was detained and sexually assaulted there, and then to amend the complaint to include the names of the defendants.  Once Fox has acquired the

names and addresses of those defendants, service shall be ordered.

## Conclusion

For the reasons set forth above, the court recommends that the Superintendent of the SCHC and the intake nurse be dismissed from this action. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 18, 2012
cc: Duane Leroy Fox, pro se

LBM:jkc