UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Duane Leroy Fox

   v.                                                   Civil No. 11-cv-295-SM

Superintendent, Strafford County
Department of Corrections, et al.


**O R D E R**

Before the court is Duane Fox's "Motion to Amend Complaint" (doc. no. 33).  For the reasons explained herein, the motion is construed as a motion to file an addendum to the complaint, and is granted.  Further, the court directs that counsel be appointed (on condition that the clerk's office can locate a willing pro bono counsel) for the limited purpose of assisting Fox in identifying defendants to his viable claims.

**Motion to Amend**

The motion to amend (doc. no. 33) presently before the court adds factual detail to the claims asserted in Fox's complaint.  Because the motion does not seek to replace the entire complaint, the court construes the motion as a motion to file an addendum to the complaint.  Because there has been no service upon any defendant in this case, there is no prejudice

to any party in allowing Fox to file an addendum to his complaint. Accordingly, the motion (doc. no. 33) is granted. The assertions included in the motion will be considered to be an addendum to the complaint.

### Appointment of Counsel

In this action, Fox has asserted claims upon which relief might be granted against certain Strafford County House of Corrections ("SCHC") officers, alleging that they failed to protect him from harm at the SCHC. See Report and Recommendation (doc. no. 25); see also Order Approving Report and Recommendation (doc. no. 30). The only defendant identified by name in this action to date, former SCHC superintendent Warren Dowaliby, has been dismissed from this action. See id. While the court has authorized claims to go forward, Fox has not provided the court with the names and addresses of any other defendant.

In an order issued June 18, 2012 (doc. no. 26), Fox was directed to "ascertain the names and addresses of the SCHC correctional officers who were working on E pod when the alleged assaults occurred." The court directed that Fox contact the SCHC and request the information, and then forward the information to the court so that the court could proceed with a

service order.  See Order (doc. no. 26).  Fox has now contacted the court and demonstrated that he has attempted to contact the SCHC by sending a letter to Dowaliby, at the SCHC address.  See Copy of Letter to Dowaliby (doc. no. 31).

Fox states that the letter was returned to him because there is a new superintendent at the SCHC.  Fox then called the SCHC and was advised by the superintendent's secretary that in order to obtain the information, Fox would have to send the SCHC a copy of this court's June 18, 2012, order by certified mail.  Fox states that he is attempting to do that.  At the time Fox last contacted the court, however, he was scheduled to be transferred the following day, August 31, 2012, from a prison in Virginia to a prison in Tennessee.  It is not clear what impact that move might have on Fox's ability to send a certified letter to the SCHC.

The court finds that Fox has made good faith efforts to obtain the information he needs to properly serve this suit, but has been unable, to date, to do so.  In the interest of moving this case forward toward a decision on the merits, rather than allowing the matter to languish while Fox awaits an adequate response from the SCHC, the court finds that it is appropriate to appoint counsel for Fox for the limited purpose of assisting

Fox in obtaining the names and addresses of the officers who worked on E-Pod at the SCHC while Fox was housed on that unit.[1]

This court has statutory authority, in its discretion, to request that counsel represent an indigent plaintiff.  See 28 U.S.C. § 1915(e)(1); Doherty v. Donohoe, No. 12-10125-NMG, 2012 WL 381249, at *2 (D. Mass. Feb. 2, 2012).  No funds are generally available, however, to pay counsel's fees or costs in such circumstances.  See Ruffin v. Brann, No. CV-09-87-B-W, 2010 WL 500827, at *1 (D. Me. Feb. 8, 2010).  The court has no authority to require counsel to represent a pro se litigant. See id.  The court may appoint counsel in "exceptional circumstances," such that a "denial of counsel [is] likely to result in fundamental unfairness."  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

> The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: [1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case.

---

[1] While, in the instant motion, Fox has not specifically requested the appointment of counsel, he has twice before requested that counsel be appointed to represent him in this matter (doc. nos. 8 and 14).  Both motions were denied without prejudice to being renewed should circumstances in the case warrant (doc. no. 19).

Doherty, 2012 WL 381249 at *2 (internal quotation marks and citation omitted).  In determining that Fox should be appointed counsel for the limited purpose of assisting him in obtaining the names of certain defendants in this case, the court has considered all of the relevant circumstances, including the merits of the case, the complications that appear to exist in obtaining the names of the defendants in this case, and Fox's ability, given his out-of-state incarceration, to effectively represent himself at this stage of the proceedings.  See id. The court concludes that appointment of counsel is appropriate at this time, and directs that counsel be appointed, <u>on the condition that suitable counsel may be identified and is available and willing to accept the appointment on a pro bono basis</u>.

   The clerk's office shall contact suitable counsel, selected from the list of attorneys registered to file documents electronically in this court, and request that counsel represent Fox in this matter.  Counsel shall be notified that she or he may decline the requested appointment and that the appointment is pro bono.  Further, upon request of counsel, the clerk's office is authorized to forward to counsel a copy of the pleadings and other documents in this case.  Counsel, upon

request, may have twenty-one days to review the documents in the case and to communicate with Fox before making a decision as to whether to accept an appointment in this matter.

If the court is unable to secure counsel willing to represent Fox pro bono in this matter by September 30, 2012, the Clerk will promptly notify Fox that pro bono counsel was not able to be appointed in this matter.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  September 10, 2012

cc:  Duane Leroy Fox, pro se

LBM:jba