**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Duane Leroy Fox

   v.                                        Civil No. 11-cv-295-SM

Superintendent, Strafford County
Department of Corrections, et al.


**O R D E R**


   Before the court is Duane Leroy Fox's addendum to his
complaint (doc. no. 38), providing the court with defendants'
names in this matter.[1]  The names have been provided in response
to this court's orders authorizing service of the complaint and
directing Fox to provide the defendants' names (doc. no. 26),
and granting Fox's motion to file an addendum (doc. no. 35).
The court now directs service on the named defendants.


**Background**

   Duane Leroy Fox filed a complaint (doc. no. 1) in this
matter alleging that officials at the Strafford County
Department of Corrections ("SCDC") had failed to protect Fox

---

   [1]In Fox's addendum (doc. no. 38), he makes a statement
indicating that he believes he was denied adequate mental health
care at the SCDC.  There is no mental health care claim pending
in this action.  If Fox seeks to amend his complaint to add such
a claim, he must do so by properly filing a motion to amend
pursuant to Fed. R. Civ. P. 15(a).

from harm, with deliberate indifference to an existing serious risk to Fox's health and safety.  The defendants identified in the complaint as the SCDC Superintendent and SCDC intake nurse have been dismissed from the action.  See Doc. No. 3 (Order July 30, 2012) (approving report and recommendation (doc. no. 25)).  The court also, on June 18, 2012, authorized service of the failure to protect claim on SCDC corrections officers identified, at that time, only as John Does, and directed Fox to obtain the names of the defendants to be served.  See Doc. No. 26 (Order June 18, 2012).  Fox's complaint addendum (doc. no. 38) names defendant officers who, he asserts, acted with deliberate indifference in failing to protect him from a substantial risk of serious harm to his health or safety.

Accordingly, the court now directs service of the complaint (doc. no. 1) on the following named defendants, all of whom were employed at the SCDC at the time Fox was incarcerated at that facility: Michael Clancy; Adam Rivera; Robert Metcalf; Kalen Lavalley; Nicole Wilkins; Tina Kothman; Lori Spagnola; John Angis; Jon Forcier; Leonard Nadeau; Gillean Nelson; Richard Dubay; Robert Hayden; Robert Ferrell; Andrew Broomfield; Cassandra Caillot; James Paice; Gary Rogers; David Meehan;

Ashley Lalus; Thomas Moore; Jeff Nickless; Scott Chabot; Erica Pratt; and Brent Chapple.[2]

Fox has not provided summons forms for the defendants in this matter.  The clerk's office is directed to forward twenty-five blank summons forms to Fox.  Fox must, within fourteen days of receiving the blank summons forms, complete a summons form for each of the named defendants, and then return the completed forms to the clerk's office.  Upon receipt of the completed summons forms, the clerk's office is directed to issue the summonses and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the following documents:

- the summonses;

- copies of the complaint (doc. no. 1);

- plaintiff's motion to amend filed November 17, 2011 (doc. no. 15);

- the order (doc. no. 19) and report and recommendation (doc. no. 20) issued January 17, 2012;

- plaintiff's motion to amend filed February 13, 2012 (doc. no. 22);

- the report and recommendation (doc. no. 25) and order (doc. no. 26) issued June 18, 2012;

---

[2]Brent Chapple was not named in the caption of Fox's pleading (doc. no. 38), but is mentioned as a defendant in the narrative thereof.  The clerk's office is directed to add Chapple to the docket as a defendant in this matter.

- plaintiff's motion to amend filed August 30, 2012 (doc. no. 33);

- the order issued September 10, 2012 (doc. no. 35);

- plaintiff's addendum to the complaint filed November 6, 2012 (doc. no. 38); and

- this order.

Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants. See Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Fox is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


March 18, 2013

cc: Duane Leroy Fox, pro se

4