```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Duane Leroy Fox

    v.                                             Civil No. 11-cv-295-SM

Michael Clancy et al.

## REPORT AND RECOMMENDATION

Duane Leroy Fox has filed two motions to amend his complaint (doc. nos. 49 and 50). For the reasons stated herein, the court recommends that both motions be denied.

### Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, and that the court "should freely give leave when justice so requires." The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the amendment. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted). In evaluating a proposed amendment, the court applies the Rule 12(b)(6) standard. See Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). The court must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all

reasonable inferences in the pleader's favor, [to] see if they plausibly narrate a claim for relief," while "isolat[ing] and ignor[ing] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

I.  Municipal Liability

In the first motion to amend (doc. no. 49), Fox seeks to assert a claim against the Strafford County House of Corrections ("SCHC"), alleging that the SCHC has a policy or custom of segregating sex offenders from other inmates at the SCHC, and that the policy resulted in a series of sexual assaults against Fox.  Specifically, Fox alleges that SCHC employees, pursuant to county policy, housed him with other sex offenders, including an "aggressive homosexual," who sexually assaulted Fox.

A claim against a municipal agency is another way of asserting a claim against the municipality.  Accordingly, as the SCHC is an agency of Strafford County, Fox seeks to bring this claim against the county.  See Monell v. Dep't of Soc. Servs., 436 U.S. 659, 690 n.55 (1978).

"[A] plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, through its

deliberate conduct, the municipality was the moving force behind the injury alleged. Such a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (emphasis in original) (citations and internal quotation marks omitted). The challenged policy or custom "must have caused the depravation of the plaintiff's constitutional rights and the municipality must have the requisite level of culpability: deliberate indifference to the particular constitutional right of the plaintiff." Crete v. City of Lowell, 418 F.3d 54, 66 (1st Cir. 2005); Wright v. Contreras, No. 09-CV-2566 JLS (MDD), 2012 WL 834859, *8-9 (S.D. Cal. Mar. 12, 2012) (failure to timely classify inmate to single cell was not the "moving force" behind harm from cellmate assault where defendants were neither directly involved in causing harm nor possessed requisite knowledge of potential for harm to establish deliberate indifference).

In Burrell v. Hampshire County, 307 F.3d 1, 10 (1st Cir. 2002), the First Circuit found that a county jail's policy of failing to segregate potentially violent inmates from non-violent inmates did not violate the constitution. The court found that the policy in question in Burrell was not the "actual cause" of the plaintiff's injury; plaintiff had the ability to

lock himself inside his cell, and he could have requested protective custody or a transfer to another unit, prior to the assault. Id. Finally, the court found that plaintiff failed to demonstrate that the non-segregation policy "poses a substantial risk of harm to inmates" where plaintiff did not demonstrate "a pattern of harm to inmates going beyond his own assault." Id.

Here, while Fox has previously asserted sufficient facts to state a claim alleging that his safety was endangered by the conduct of SCHC employees, he has failed to demonstrate that Strafford County should be liable to him in this action, as he has failed to show that the sex offender housing policy was the "moving force" behind the harm alleged. First, although Fox did not have the ability to lock himself inside a cell, he states that he did not report the assaults initially, and that as soon as he did, he was moved out of the unit. Moreover, he has not alleged facts showing any pattern of assaultive or violent behavior on the unit indicating that the sex offender housing policy was the cause of inmate-on-inmate assaults. Because Fox cannot allege that Strafford County was liable for his injuries, the motion to amend asserting a municipal liability claim (doc. no. 49) should be denied as futile.

II.  Mental Health Care

In Fox's second motion to amend (doc. no. 50), he alleges that SCHC employees denied him adequate care for his serious mental illnesses during his incarceration at that facility.  Fox alleges that he told the SCHC intake nurse at the time he entered the jail that he had been diagnosed with several serious mental illnesses: bipolar disorder; post-traumatic stress disorder; sexual identity disorder; major depression with psychotic features; and dysthymic disorder.  Additionally, Fox asserts that he advised the nurse that he had a history of being sexually assaulted, including a recent rape.  Recognizing Fox's mental instability, the nurse arranged for Fox to be placed on a unit where he could be monitored.  Fox alleges that his rights were violated, however, when he was denied necessary medication and treatment for mental health issues of which jail personnel were aware.  Fox alleges this denial caused "irreversible setbacks in his treatment."

A pretrial detainee's right to adequate medical and mental health care during his incarceration arises under the Fourteenth Amendment's Due Process Clause.  See Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) (Fourteenth Amendment rights for pretrial detainees as to prison conditions are coextensive with

Eighth Amendment protection due to convicted prisoners). In order to state a constitutional claim for the denial of medical or mental health care, an inmate must allege that defendants have committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011) (internal quotations and citation omitted). To act, or fail to act, with deliberate indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

 Nothing in Fox's motion indicates that the intake nurse knew that Fox did not receive treatment for his mental health issues after he completed intake at the jail, or that she bore any direct responsibility herself for treating his mental illness. Fox fails to name or identify any other individual at the SCHC with responsibility for treating his mental health problems who was actually aware of his mental illnesses, his need for treatment, and a risk of serious harm that might accrue as a result of Fox being denied mental health treatment, and who also failed to provide him with treatment. As Fox has failed to

allege or demonstrate that any individual at the SCHC, with deliberate indifference, denied him necessary treatment for his serious mental health needs, he has failed to state a Fourteenth Amendment claim upon which relief might be granted.  Fox's motion to amend his complaint to add a claim for inadequate mental health care (doc. no. 50) should be denied as futile.[1]

## Conclusion

For the foregoing reasons, the court recommends that Fox's motions to amend (doc. nos. 49 and 50) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

---

[1] In his second motion to amend (doc. no. 50), Fox also requests a court-appointed psychiatrist to help him prove his mental health claim at trial.  That request should be denied along with Fox's request to add a mental health care claim.

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 4, 2013

cc: Duane Leroy Fox, pro se
    Corey M. Belobrow, Esq.

LM:jba