UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Duane Leroy Fox,
      Plaintiff

      v.                                    Case No. 11-cv-295-SM
                                             Opinion No. 2013 DNH 149
Superintendent, Strafford County
Dept. of Corrections, et al.,
      Defendants


**O R D E R**


Duane Fox is a former pretrial detainee, who had been housed at the Strafford County House of Corrections.  He brings this action seeking compensation for alleged violations of his Fourteenth Amendment rights.  See generally 42 U.S.C. § 1983.  Specifically, he says the numerous individually named corrections officers knew that he was uniquely vulnerable to attack because he is homosexual and suffers from post-traumatic stress disorder.  Nevertheless, says Fox, those officers were deliberately indifferent to his security needs and, as a consequence, he was repeatedly sexually assaulted by another inmate over the course of several days.[1]

---

[1] Because Fox was a pretrial detainee at the time of the alleged incidents that give rise to his complaint, his claims are governed by the Fourteenth, rather than the Eighth, Amendment. See Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007); Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005).

Defendants deny violating any of Fox's constitutional rights. And, because they say Fox failed to exhaust available prison administrative remedies, defendants assert that his claims are barred by the Prison Litigation Reform Act. On that ground, defendants move for summary judgment. For the reasons discussed, that motion is granted.

**Standard of Review**

When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

This case is somewhat atypical in that Fox has failed to object to the pending motion for summary judgment.[2] Accordingly, the court accepts as admitted the factual statements recited in that motion, as supported by the attached exhibits. See Local Rule 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."). See also Puerto Rico Am. Ins. Co. v. Rivera-Vazquez, 603 F.3d 125, 131 (1st Cir. 2010) (discussing Puerto Rico's analog to Local Rule 7.2(b)(2), also known as the "anti-ferret rule," and holding that, "This type of rule is aimed at enabling a district court to adjudicate a summary judgment motion without endless rummaging through a plethoric record. Given this root purpose, we have held with a regularity bordering on the monotonous that parties ignore the strictures of an 'anti-ferret' rule at their peril.") (citations omitted).

Importantly, however, Fox's failure to object does not automatically entitle defendants to judgment in their favor. The

---

[2] The court's docket includes an entry indicating that mail sent to Mr. Fox was returned as undeliverable. A subsequent entry documents a conversation between court staff and an official at the Inmate Records Division of the House of Corrections, who reported that Fox was released from custody and left no forwarding address. Despite his ongoing obligation to notify the court of any change of address, see Local Rule 83.6(e), Fox has failed to provide the court will his current mailing address or other contact information.

court must still determine whether the uncontested facts presented by defendants, when viewed in the light most favorable to Fox, entitle defendants to judgment as a matter of law. See, e.g., Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003).

## Discussion

42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C. § 1997e(a) (emphasis supplied). The Supreme Court has held that section 1997(e) requires an inmate to exhaust all available administrative processes before filing a federal suit that relates to the conditions of his or her confinement, even if some or all of the relief the inmate seeks cannot be obtained through those administrative processes. Booth v. Churner, 532 U.S. 731, 734 (2001) ("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must.").

Subsequently, the Supreme Court made explicit that which was implicit in Booth: the phrase "with respect to prison conditions," as used in the PLRA's exhaustion provision, incorporates within its scope not just conditions generally affecting the inmate population, but also discrete incidents affecting only a single individual.

> [T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

Porter v. Nussle, 534 U.S. 516, 532 (2002). And, most recently, the Court held that the PLRA exhaustion requirement requires "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted). So, to properly exhaust available administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Acosta v. United States Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)).

5

Claims of the sort advanced by Fox are precisely the type that must be properly exhausted through available prison administrative processes before they may be pursued in federal court. However, the undisputed facts of record reveal that he failed to properly exhaust those claims. Specifically, the record evidence establishes that:

1. The Strafford County House of Corrections has a multi-tiered administrative grievance process that is applicable to all claims relating to inmate life, conditions of confinement, and allegations of constitutional violations;

2. That grievance process is explained in the Inmate Handbook;

3. Fox was provided with a copy of the Inmate Handbook; and

4. A review of the House of Corrections' inmate records revealed that Fox did not file a single inmate grievance during the course of his incarceration.

See Affidavit of Bruce Pelkie (document no. 65-2), at paras. 2-10.

Because Fox failed to properly exhaust available prison administrative remedies relating to the claims advanced in this case, and because nothing in the record suggests that this is one of the rare and exceptional cases in which compliance with those exhaustion requirements might properly be excused, see, e.g.,

Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004); Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005), Fox cannot pursue his claims that defendants violated his Fourteenth Amendment rights by deliberately failing to adequately protect him from other inmates.

## Conclusion

Plaintiff failed to properly exhaust available administrative remedies prior to filing his federal claims. Defendants are, therefore, entitled to judgment as a matter of law on all claims advanced in Fox's amended complaint.[3]

Defendants' motion for summary judgment (document no. 65) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 7, 2013

---

[3] Typically, if there were still time for Fox to pursue his administrative remedies, the court would simply dismiss his constitutional claims without prejudice. But, the record in this case establishes that the time for pursuing those administrative claims lapsed long ago. See Affidavit of Bruce Pelkie at para. 15.

```
cc:   Duane L. Fox, pro se
      Corey M. Belobrow, Esq.
```